IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHRISTOPHER L. CARSON, individually
and as Co-executor of the Estate of
Asa E. Carson, Deceased,**

    **Plaintiff,**

v.                                                                                          Case No.: 3:14-cv-16544

**UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion to Amend Admission Responses, (ECF No. 72), which was recently referred to the undersigned by Standing Order. Plaintiff has filed a memorandum in opposition to the motion, and the United States has replied. (ECF Nos. 79, 80). Having considered the arguments of the parties, the Court **GRANTS** the motion to amend.

This civil action involves claims of medical negligence arising from surgeries received by the plaintiff's decedent in May and June 2011 at the Veterans Affairs Medical Center ("VAMC") in Huntington, West Virginia. Plaintiff claims that the VAMC's surgeon misdiagnosed the decedent's underlying condition; performed substandard surgery; failed to appreciate the decedent's life-threatening post-operative complications; failed to seek assistance from specialists; and exacerbated these errors by negligently performing additional procedures; all of which led to the decedent's deterioration and ultimate demise.

1

In the course of discovery, the plaintiff served the defendant with a set of requests for admission. Two of these requests are at issue in the instant motion. Both of the disputed requests ask the defendant to admit certain facts regarding the physical condition of the decedent's stoma and colon between June 1 and June 6, 2011. On March 13, 2015, the defendant answered the two requests for admission, admitting a portion of each request. On October 5, 2015, the defendant filed the instant motion, seeking leave to change its answer to the two requests for admission on the ground that a CT scan and pathology report contained in the decedent's medical records establish that the defendant's original admissions were incomplete and incorrect. Defendant argues that the changes are required to allow a trial on the merits. In addition, the defendant contends that the amendment will not prejudice the plaintiff because sufficient time remains for the plaintiff to discover and respond to the proposed amendments.

In opposition to the defendant's motion to amend admission responses, the plaintiff alleges that the defendant's proposed changes are inconsistent with the record. According to the plaintiff, the defendant has developed a new theory of defense and is simply trying to revise deposition testimony and admission responses to bring them in line with its new theory. Although the plaintiff does not directly address the defendant's assertion that allowing the amendments will cause no prejudice, he does suggest that if the defendant is permitted to amend its responses, the amendments should be "supplements," not "substitutes." In that way, the plaintiff will be free to emphasize the inconsistencies in the defendant's positions.

The parties agree that the court has considerable discretion over this issue. "[T]he decision to allow a party to withdraw its admissions is quintessentially an equitable one, balancing the rights to a full trial on the merits, including the presentation of *all* relevant

evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute." *McClanahan v. Aetna Life Ins. Co.,* 144 F.R.D. 316, 320 (W.D.Va. 1992) (citing *Branch Banking & Trust Co. v. Deutz-Allis Corp.,* 120 F.R.D. 655, 658 (E.D.N.C. 1988)). Under Fed. R. Civ. P. 36(b), courts use a two-pronged test to determine whether withdrawal or amendment of admission responses is appropriate. *McClanahan,* 144 F.R.D. at 320. First, the court must consider whether the amendment will facilitate a fair presentation of the merits of the case. *Id.* Second, the prejudice to the party obtaining the admission must be addressed. Prejudice is not mere inconvenience; rather, it refers to the difficulties faced by the party that may suddenly have to collect evidence to counter an amended admission response. *Adventis, Inc. v. Big Lots Stores, Inc.*, No. 7:02CV00611, 2006 WL 2631760, at *3 (W.D. Va. Sept. 11, 2006) ("'Prejudice' is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth, but rather, relates to the special difficulties a party may face caused by the sudden need to obtain evidence upon withdrawal or amendment of admission") (quoting *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147 (6th Cir. 1997)).

     Here, allowing the United States to amend its admission responses will further the goal of case presentation on its merits. Plaintiff's decedent underwent several surgeries over an extended period of time and had a complicated medical course. Consequently, this medical malpractice case is complex. It is not uncommon for theories of liability and causation to transform as the significance of certain facts becomes apparent when analyzed in relation to after-acquired information. Moreover, the plaintiff will not be prejudiced by the amendment. As the defendant points out, the plaintiff was able to depose the VAMC's surgeon after the amendments were proposed. Plaintiff's expert

3

disclosures were not due until several months later, and the parties had another five months in which to complete discovery. Finally, the defendant does not object to the plaintiff's use of the original responses as may be allowed by the court.

Wherefore, for these reasons, the motion is **GRANTED**. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** February 22, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge